IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LIRLENE GARDLEY-STARKS**                                                                 **PLAINTIFF**

**VS.**                                                                      **CASE NO. 4:10CV099-P-S**

**PFIZER, INC., WYETH, LLC, SCHWARZ
PHARMA, INC., MCKESSON CORPORATION,
INDIVIDUALLY, AND D/B/A NORTHSTAR RX,
LLC, NORTHSTAR RX, LLC, ESI LEDERLE,
INC., PLIVA, INC., ACTAVIS ELIZABETH, LLC,
INDIVIDUALLY, AND D/B/A PUREPAC
PHARMACEUTICALS**                                                          **DEFENDANTS**

**ORDER**

This matter is before the court on the motion of defendants Pfizer, Inc., et al to strike Plaintiff's expert designation of Mark Cheairs (#169). The court, having reviewed the record, the motion, the briefs of the parties, and the applicable law, and having heard oral argument finds, for the reasons also announced in detail by the court on the record at the conclusion of the motion hearing on January 28, 2013, as follows:

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure require a party to make full and complete disclosures of individuals they intend to call as experts at trial no later than the time specified in the case management order. The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain the information outlined in the rule, including, but not limited to, a complete statement of all opinions and the basis for those opinions signed by the witness. Courts have routinely rejected untimely "supplemental" expert testimony where the opinions are based on information available

prior to the deadline for expert disclosures. *Sierra Club v. Cedar Point Oil Co.*, 73 F. 3d 546, 569 (5th Cir. 1996). Further, Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. *Hill v. Koopers Industries*, 2009 WL 3246630, *2 (N.D. Miss. September 30, 2009). The purpose of Rule 26(a)(2) is to require an expert to submit a report that any expert in his or her field could pick up and independently verify the veracity of the opinions reached therein without further inquiry. This requirement allows the opposing party to have all the relevant information in a timely fashion so that the opposing party may prepare to cross-examine the expert during his or her deposition. *Id.* It is not proper federal practice to assume that one can submit an incomplete expert report only to provide new opinions and/or new information later. *Id*.

Additionally, the Fifth Circuit has enumerated four factors to be considered when considering a motion to strike an improper/untimely expert designation. The Court must consider the following factors:

(1) The importance of the witness' testimony; (2) The prejudice to the opposing party of allowing the testimony; (3) The possibility of curing such prejudice by a continuance; and (4) The explanation for the party's failure to comply with the discovery order. *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007).

In this case, the court notes that the *initial report* offered by Plaintiff's expert, Mark Cheairs, is timely, and though it contains sparse opinions, it does contain some[1]. Accordingly, the court's evaluation of the four factors pertains to the additional report filed on January 17, 2013, which the court does not find to be timely, nor accurately characterized as supplemental.

---

[1] The ultimate admissibility of the individual asserted opinions will be for the district judge to rule on following a proper challenge.

With regard to the additional report, the court has considered the relevant factors related to striking the same and finds that Plaintiff's explanation for its delayed production is unpersuasive. However, the court does recognize the importance of the expert testimony with regard to damages, and while allowing the delayed report would, absent amelioration, be prejudicial to defendants, the prejudice here is curable, even absent a continuance of the trial date, as hereafter described :

- Plaintiff will make the life care expert, Mark Cheairs, available to defendant for deposition on or before February 29, 2013. The deposition shall be held, at defendant's election, either at one of defendants' counsel's offices or at the expert's town and state of residence, with all the costs of taking the deposition (including all expert fees and expenses and including travel expenses incurred by one of defense counsel in the event the deposition is taken at the expert's place of residence) to be borne by the plaintiff. The only costs/expenses to be borne by defendant in connection with this deposition shall be defense counsels' own hourly rates and travel expenses other than those discussed above. The deposition is not to exceed seven hours.
- Additionally, based on plaintiff's counsel's representations, plaintiff's life care expert's opinions are based on the evaluations of treating physician, Dr. Ross. Accordingly, plaintiff shall likewise make Dr. Ross available to defense on or before February 29, 2013 for the purpose of deposing him. The fees of Dr Ross associated with this deposition shall be born by the plaintiff, but other costs and fees shall be borne by the parties as in the normal course.
- Defense shall have until March 29, 2013 to designate a counter life care expert in

compliance with Rule 26 with no further discovery to follow.

- All other deadlines will remain in place.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Defendants' Motion to Strike the Testimony of Plaintiff's expert Mark Cheairs is DENIED pursuant to the aforementioned instructions.

SO ORDERED, this the 28th day of January 2013.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE